IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HICA EDUCATION LOAN
CORPORATION,

                **Plaintiff,**

v.                                   1:11-cv-02107-WSD

WILLIAM V. BATTS,

                **Defendant.**

## OPINION AND ORDER

This matter is before the Court on HICA Education Loan Corporation's ("Plaintiff" or "HICA") Motion for Award of Attorneys' Fees and Costs [9].

**I.**    **BACKGROUND**

On June 28, 2011, Plaintiff filed its Complaint in this action, alleging that Defendant William V. Batts failed to repay a promissory note (the "Note") he executed in the amount of $53,987.24, in favor of Student Loan Marketing Association ("Sallie Mae"), which Note was later sold to HICA.  (Compl. Ex. A [1 at 6-9]).

On October 4, 2011, the Court granted [8] Plaintiff's Motion for Default Judgment.  On October 12, 2011, Plaintiff moved for an award of attorneys' fees

and costs [9].  Defendant did not respond to Plaintiff's motion.  Pursuant to Local Rule 7.1B, the Court deems Plaintiff's motion unopposed.

## II.   DISCUSSION

Plaintiff asserts that it is entitled to an award of attorneys' fees and costs pursuant to the terms of the Note, which provide: "If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and late fees."  [1 at 6].  Plaintiff asserts also that it is entitled to an award of attorneys' fees and costs pursuant to 42 C.F.R. § 60.15(b), which provides:

> The lender or holder may also require that the borrower pay the holder of the note for reasonable costs incurred by the holder or its agent in collecting any installment not paid when due.  These costs may include attorney's fees, court costs, telegrams, and long-distance phone calls.

42 C.F.R. § 60.15(b).

Plaintiff prevailed on its claim and the Court finds that Plaintiff is entitled to the reasonable attorneys' fees and costs associated with pursuing its claim, as allowed under the terms of the Note and 42 C.F.R. § 60.15(b).  Plaintiff seeks costs of $450, which includes the $350 fee for filing its Complaint and service fees of $100.  Plaintiff also seeks attorneys' fees, consisting of 4.8 total hours of attorney

time at $250 per hour.[1]  The requested award of attorneys' fees and costs in this case were based on legal services necessary to be performed to represent Plaintiff in this case and were based on hourly timekeeper rates that are consistent with the hourly rates charged by attorneys in this market for legal services of the type rendered here.  (Decl. of Hal J. Leitman [9.1]; Decl. of F. Scott Flow [9.2]).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs [9] is **GRANTED**.  Plaintiff is awarded $1,200 in attorneys' fees, and $450 in costs, for a total of $1650.

**SO ORDERED** this 27th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Leitman states in his declaration that he spent 1.3 hours in connection with this action and that his normal hourly rate is $250.  His bill, however, is for $312.  His hourly rate multiplied by the 1.3 hours of services provided equals $325.  That amount, added to his co-counsel's fee of $875, provides for a total fee award of $1,200.